FILED

**NOT FOR PUBLICATION**

MAR 30 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARCHARAN SINGH, | No. 07-73605 |
| Petitioner, | Agency No. A047-659-172 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:      FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Harcharan Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order summarily affirming an immigration judge's

("IJ") decisions affirming the agency's termination of Singh's conditional

residency status and denying Singh's application for asylum and withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Singh's conditional residency status was properly terminated and Singh was subject to removal, *see* 8 U.S.C. § 1186a, where Singh's citizen-spouse disclosed she divorced her husband to marry Singh, her ex-husband's brother, for immigration purposes, and the marriage was not consummated. *See Damon*, 360 F.3d at 1089 (test for a bona fide marriage is whether the couple intended to establish a life together at the time they were married); *see also Bark v. INS*, 511 F.2d 1200, 1201-02 (9th Cir. 1975) (conduct of parties after marriage is relevant to show intent at time of marriage).

In addition, substantial evidence supports the IJ's determination that Singh's experiences in India, including one detention and mistreatment by Indian police, did not constitute persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006). Substantial evidence also supports the IJ's determination that Singh failed to establish he has a well-founded fear of future persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (evidence did not compel finding that petitioner's fear of future persecution was objectively reasonable). Accordingly, Singh's asylum claim fails.

2

Because Singh failed to demonstrate eligibility for asylum, he did not

satisfy the more stringent standard for withholding of removal. *See Zehatye v.*

*Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**